SCOTT H. CHRISTENSEN (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
Email: christen@hugheshubbard.com

RITA M. HAEUSLER, State Bar No. 110574
ALEX E. SPJUTE, State Bar No. 229796
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
Email: haeusler@hugheshubbard.com

Attorneys for Defendant Federal Deposit Insurance Corporation
as Receiver for IndyMac Bank, F.S.B.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA M. CAMERINI AND EUGENE J. CAMERINI,<br><br>Plaintiffs,<br><br>v.<br><br>FDIC INDYMAC FEDERAL BANK FSB; INDYMAC BANK *et al.*,<br><br>Defendants. | Case No. 08-CV-6047 MMM (JWJx)<br><br>[Assigned to Hon. Margaret M. Morrow]<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed: September 16, 2008<br><br>Hearing: March 16, 2009<br>Time: 10:00 a.m.<br>Courtroom: 780 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the date, time, and place noted above, Defendant Federal Deposit Insurance Corporation as Receiver (the "FDIC") will, and hereby does, move the Court for an order dismissing Plaintiffs' Complaint for lack of

1

NOTICE OF MOTION AND MOTION BY DEFENDANT FDIC RECEIVER TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

60541245_1.DOC

1 | jurisdiction insofar as Plaintiffs' Complaint asserts claims based on misrepresentations
2 | or errors made by IndyMac Bank, F.S.B. prior to its closing on July 11, 2008. Insofar
3 | as Plaintiffs' Complaint merely seeks a review of FDIC's determination of insurance
4 | coverage of Plaintiffs' accounts at IndyMac Bank, the FDIC responds with an
5 | Answer, concurrently filed herewith.
6 |     This motion is made on the grounds that the Court lacks jurisdiction over
7 | claims seeking payment from the assets of a failed depository institution prior to the
8 | exhaustion of the administrative claims process, 12 U.S.C. § 1821(d)(13)(D)(i)-(ii),
9 | and Plaintiffs have failed to timely submit an administrative claim to the FDIC as
10 | required under the law. *See id.* § 1821(d)(3)-(8). This motion will be based upon this
11 | Notice of Motion and Motion, the Memorandum of Points and Authorities,
12 | Declaration of Jeffry Quick, all orders, papers and pleadings filed in this action, and
13 | such other papers as may be filed with the Court.
14 |     No meet and confer is required pursuant to L.R. 7-3 and L.R. 16-12(c)
15 | because Plaintiffs appear *pro se* and are not attorneys.

Dated: February 10, 2009

HUGHES HUBBARD & REED LLP

By: /s/ Rita M. Haeusler
Rita M. Haeusler
Attorneys for Defendant Federal Deposit
Insurance Corporation as Receiver for
IndyMac Bank, F.S.B.

Defendant Federal Deposit Insurance Corporation as Receiver (the "FDIC") respectfully requests an order dismissing that portion of Plaintiffs' Complaint that asserts claims based on misrepresentations or errors made by IndyMac Bank, F.S.B. prior to its closing on July 11, 2008, for lack of jurisdiction pursuant to 12 U.S.C. § 1821(d)(13)(d).

## BACKGROUND

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B. and appointed the Federal Deposit Insurance Corporation as its Receiver. (*See* Docket No. 13 Ex. A). The FDIC Receiver accepted the appointment as Receiver pursuant to 12 U.S.C. § 1821(c)(2)(A). Upon being appointed Receiver, the FDIC succeeded to "all rights, titles, powers and privileges" of IndyMac Bank and may "take over the assets of and operate" the failed bank. *Id*. §§ 1821(d)(2)(A)(i), 1821(d)(2)(B)(i). These powers and duties of the Receiver include the resolution of all outstanding claims against IndyMac Bank. *See id*. § 1821(d)(3).

On July 11, 2008, the OTS authorized the creation of a new institution — IndyMac Federal Bank, F.S.B ("IFSB") and appointed the FDIC as Conservator for IFSB ("FDIC Conservator"). On the same date, pursuant to a Purchase and Assumption Agreement among the FDIC in its Corporate capacity, FDIC Receiver, and FDIC Conservator, substantially all of the insured deposit accounts and substantially all of the assets of IndyMac Bank were transferred to FDIC Conservator. (*See generally* Docket No. 13 Ex. A.) A conservatorship is established to take interim control of a financial institution to preserve assets and protect insured depositors until a final resolution can be accomplished. As conservator, the FDIC will operate IFSB to maximize its value for a future sale and to maintain banking services in the communities formerly served by IndyMac Bank.

Plaintiffs assert that they opened a CD Totten account in the amount of $200,000 at IndyMac Bank on March 7, 2008. (Compl. at 1, lines 9-15.) Plaintiffs

1

NOTICE OF MOTION AND MOTION BY DEFENDANT FDIC RECEIVER TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

60541245_1.DOC

1  also assert that they subsequently deposited an additional $100,000 in a new account
2  at IndyMac Bank and allegedly were misinformed by an IndyMac Bank employee that
3  the $100,000 deposit was insured by the FDIC. (*Id*. at 2, lines 4-13.) Plaintiffs,
4  however, signed and approved the structuring of their deposits with IndyMac Bank at
5  the time the accounts were created. (*Id*. at 3, lines 12-15.) After IndyMac Bank
6  failed, Plaintiffs were issued a receivership certificate in the amount of $53,527.17 on
7  July 21, 2008, and a dividend distribution check in the amount of $26,763.59 on July
8  30, 2008. (*Id*. at 2, lines 14-28.) Plaintiffs ask this Court to find their entire deposit
9  total of $300,000 to be fully insured. (*See id*. at 4, lines 1-11.)

10  Judicial review at this point of the proceedings is limited to whether the
11 FDIC's deposit insurance determination regarding the accounts the Plaintiffs held at
12 IndyMac Bank was arbitrary, capricious, an abuse of discretion, or otherwise not in
13 accordance with the law. *See* 12 U.S.C. § 1821(f)(4); 5 U.S.C. § 706. If IndyMac
14 Bank's deposit account records are clear and unambiguous, those records are binding.
15 12 C.F.R. § 330.5(a)(1).

16  As a result, the FDIC advised Plaintiffs that if they are instead seeking to
17 challenge actions by IndyMac Bank prior to receivership, they must proceed with the
18 administrative claims procedure under Section 1821(d). As noted by the Court in its
19 November 24, 2008 Order, Plaintiffs had not yet provided any evidence they had filed
20 an administrative claim with the FDIC. (Docket No. 19 at 5, lines 3-4 ("They believe
21 they have a valid claim, but do not indicate they have filed a proof of claim.").) To
22 date, Plaintiffs have still not filed an administrative claim with the FDIC.

23  ARGUMENT

24  Under the Financial Institutions Reform, Recovery and Enforcement Act
25 of 1989 ("FIRREA"), 12 U.S.C. §§ 1821(d)(3) – (8), Plaintiffs must exhaust the
26 administrative claims procedures before pursuing any claims against the FDIC for
27 actions taken by IndyMac Bank before the receivership on July 11, 2008. *See*

28

2
NOTICE OF MOTION AND MOTION BY DEFENDANT FDIC RECEIVER TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

60541245_1.DOC

*International Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1283-84 (9th Cir. 1994); *Brady Development Corp. v. RTC*, 14 F.3d 998, 1005-06 (4th Cir. 1994); *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992); *see also* November 24, 2008 Order (Docket No. 19), at 9 ("Depositors may also have claims related to acts or omissions by IndyMac or its employees that occurred <u>before</u> the bank's failure, and that relate to the classification and insurance eligibility of their deposits. To assert this type of claim, the depositor must <u>first</u> exhaust the administrative claims procedure set forth in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 . . . .") (emphasis in original).

The Court's jurisdiction over claims seeking payment from the assets of a failed depository institution is contingent upon exhausting the administrative claims process. *See id.* § 1821(d)(13)(D). In Section 1821(d)(13)(D), Congress made the claims process mandatory:

> "Except as otherwise provided in this subsection, no court shall have jurisdiction over —
> 
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> 
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver."

*Id.* Therefore, "the district court has no jurisdiction to adjudicate claims alleging acts or omissions by the failed bank until depositors complete the administrative claim procedure." November 24, 2008 Order (Docket No. 19), at 13; *see also Feigel v. FDIC*, 935 F. Supp. 1090, 1096 (S.D. Cal. 1996).

1         Here, Plaintiffs allege employees of IndyMac misinformed them of the
2 insurance levels of their deposits at IndyMac and otherwise erred in structuring their
3 accounts to provide them with the requested level of insurance coverage for their
4 deposits.[1] As such, a portion of Plaintiffs' claims are against the FDIC in its
5 receivership capacity and must first be submitted to the administrative claims process.
6 The FDIC provided Plaintiffs a Notice to Discovered Creditors – Proof of Claim dated
7 September 30, 2008, which gave Plaintiffs notice of this requirement, and included a
8 December 29, 2008 deadline for filing a late proof of claim. (Camerini Opposition
9 (Docket No. 16) Ex. B (Notice to Discovered Creditor –Proof of Claim (September
10 30, 2008)). Plaintiffs' deadline for submitting an administrative claim has now passed
11 without them filing a claim. (Declaration of Claims Agent ¶ 2); *see also* November
12 24, 2008 Order (Docket No. 19), at 9 ("[I]ndividuals wishing to dispute alleged errors
13 by IndyMac or former IndyMac employees must file a proof of claim <u>with the FDIC</u>
14 within a specified period of time.") (emphasis in original).

15         It is because Plaintiffs appear to, at least in part, "complain of acts or omissions
16 by the failed institution, and seek to recover from the assets of the institution under
17 tort theories that would appear properly directed to the FDIC in its capacity as receiver
18 for IndyMac" that some aspect of "[P]laintiffs' claims <u>must</u> proceed through the
19 administrative claims process set forth in FIRREA." November 24, 2008 Order
20 (Docket No. 19), at 16 n.25. Given the substance of Plaintiffs' claims concerning
21 alleged errors made by IndyMac employees prior to July 11, 2008, and Plaintiffs'
22 failure to submit an administrative claim to the FDIC within the prescribed deadline,
23 this Court lacks jurisdiction to adjudicate this aspect of Plaintiffs' Complaint.

---

[1] Plaintiffs' apparently drafted and submitted their Complaint without the benefit of counsel. As such, the legal theories on which Plaintiffs rest their claims are less than apparent. In an effort to accommodate Plaintiffs, the FDIC is concurrently filing an Answer should Plaintiffs' Complaint be read as merely a challenge of the FDIC's insurance determination respecting their IndyMac accounts, and not as a claim against IndyMac for erroneously structuring Plaintiffs' IndyMac accounts thereby depriving Plaintiffs of the desired level of insurance coverage.

1  Therefore that aspect of Plaintiffs' Complaint that alleges errors made by IndyMac
2  employees prior to July 11, 2008 should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed insofar as it is against the Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B.

Dated: February 10, 2009

HUGHES HUBBARD & REED LLP

By: *[signature]*
Rita M. Haeusler
Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B.

## DECLARATION OF SERVICE BY MAIL

The undersigned declares:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071-3442. I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. On February 10, 2009, at my place of business, I placed a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION BY DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** for collection and mailing on that date with the U.S. Postal Service, following ordinary business practice, in sealed envelopes, with postage fully prepaid, addressed as follows:

Alma and Eugene Camerini
9447 Whitaker Avenue
Northridge, CA  91343

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California, on February 10, 2009.

*Catherine Ryan*
Catherine Ryan

---

1
PROOF OF SERVICE

60541245_1.DOC