SCOTT H. CHRISTENSEN, admitted *pro hac vice*
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
Email: christen@hugheshubbard.com

RITA M. HAEUSLER, State Bar No. 110574
ALEX E. SPJUTE, State Bar No. 229796
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
Email: haeusler@hugheshubbard.com

Attorneys for Defendant Federal Deposit
Insurance Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA M. CAMERINI AND EUGENE J. CAMERINI, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Defendant. | Case No. 08-CV-6047 MMM (JWJx) <br><br> [Assigned to Hon. Margaret M. Morrow] <br><br> **RULE 26(f) REPORT** <br><br> Complaint Filed: September 16, 2008 |

Defendant Federal Deposit Insurance Corporation ("FDIC") submits this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and this Court's February 18, 2009 Order. The FDIC contacted Plaintiffs Alma M. Camerini and Eugene J. Camerini with a request to prepare a joint report, but to date has not received any response from Plaintiffs.[1]

---

[1] Undersigned counsel called the Camerinis on March 23 and 24, 2009 and left voice messages and sent by overnight courier on March 24, 2009 a draft report with a cover letter requesting that the parties prepare a joint report. Undersigned counsel called again on April 8, 2009 but there was no answer.

1  A.  INITIAL DISCLOSURE

2  This case is exempt from the initial disclosure requirement pursuant to
3  Rule 26(a)(1)(B)(i) of the Federal Rules of Civil Procedure.

4  B.  SUBJECTS/COMPLETION OF DISCOVERY

5  Discovery is limited to the administrative record to be reviewed by this
6  Court pursuant to 12 U.S.C. § 1821(f)(4) (2009) (incorporating the standard of review
7  in 5 U.S.C. § 706). The FDIC requests a discovery cut-off of August 31, 2009. In
8  light of the limited scope of discovery, discovery need not be conducted in phases or
9  limited to particular issues.

10  C.  DISCOVERY OF ELECTRONICALLY STORED DISCOVERY

11  The FDIC does not anticipate any issues respecting the disclosure or
12  discovery of electronically stored information.

13  D.  PRIVILEGE CLAIMS

14  The FDIC does not anticipate any atypical privilege claims being asserted
15  in this case.

16  E.  LIMITATION ON DISCOVERY

17  The FDIC does not contemplate the need for any changes in the
18  limitations on discovery imposed by either the Federal Rules of Civil Procedure or
19  this Court's Local Rules. As noted in Section B, above, discovery is limited to the
20  administrative record to be reviewed by this Court pursuant to 12 U.S.C. § 1821(f)(4)
21  (2009).

22  F.  OTHER ORDERS PER RULES 26(c), 16(b) and 16(c)

23  The FDIC does not presently contemplate the need for the Court to issue
24  any additional orders pursuant to Rules 26(c), 16(b) or 16(c) of the Federal Rules of
25  Civil Procedure.

26  G.  COMPLEX CASES

27  The FDIC does not consider this action to be complex and therefore does
28  not believe that any of the procedures of the Manual For Complex Litigation should

be utilized. The FDIC does not anticipate the case presenting any unusual legal issues for resolution.

    H.    MOTION SCHEDULE

The FDIC contemplates that after the conclusion of discovery, the FDIC will be filing a motions either for complete or partial summary judgment. The FDIC proposes that any such motion be filed on or before October 19, 2006 and that the last day for the hearing on such motions should be November 16, 2009.

    I.    SETTLEMENT

The FDIC is not presently in a position to assess the likelihood of settlement of this case. Although no settlement discussions have taken place nor are any such discussions presently scheduled, since this case is assigned to the ADR Pilot Program, the FDIC agrees to Settlement Procedure No. 2 and will select an attorney settlement officer from the panel no later than May 20, 2009. Any mediation will be completed by September 21, 2009.

    J.    TRIAL ESTIMATE

The FDIC's preliminary estimate for trial of this action is 1 to 2 days. The FDIC does not contemplate the need for severance, bifurcation or other special orders regarding the presentation of proof. The FDIC proposes the date of January 18, 2010 for the Final Pretrial Conference and February 22, 2010 for the trial of this action.

    K.    ADDITIONAL PARTIES

The FDIC does not anticipate the appearance of any additional parties in this action.

    L.    EXPERT WITNESSES

The FDIC proposes that expert witness disclosure be made in accordance with the time requirements set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure.

1
2  Dated: April 10, 2008                    HUGHES HUBBARD & REED LLP
3
4                                           By: _____
                                                Alex E. Spjute
5                                           Attorneys for Defendant Federal
                                            Deposit Insurance Corporation

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF SERVICE BY MAIL

The undersigned declares:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071-3442. I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. On April 10, 2009, at my place of business, I placed a true and correct copy of the foregoing **RULE 26(f) REPORT** for collection and mailing on that date with the U.S. Postal Service, following ordinary business practice, in sealed envelopes, with postage fully prepaid, addressed as follows:

> Alma and Eugene Camerini
> 9447 Whitaker Avenue
> Northridge, CA  91343

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California, on April 10, 2009.

*Catherine Ryan*
Catherine Ryan