SCOTT H. CHRISTENSEN, admitted *pro hac vice*
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
Email: christen@hugheshubbard.com

RITA M. HAEUSLER, State Bar No. 110574
ALEX E. SPJUTE, State Bar No. 229796
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
Email: haeusler@hugheshubbard.com

Attorneys for Defendant Federal
Deposit Insurance Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA M. CAMERINI AND EUGENE J. CAMERINI,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Defendant. | Case No. 08-CV-6047 MMM (AJWx)<br><br>[Assigned to Hon. Margaret M. Morrow]<br><br>**DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION**<br><br>Complaint Filed: September 16, 2008<br><br>Hearing:    November 2, 2009<br>Time:    10:00 a.m.<br>Courtroom: 690 (Roybal) |

Defendant Federal Deposit Insurance Corporation ("FDIC"), respectfully submits this Opposition to Plaintiffs' Motion to Compel Production of Documents Needed to Supplement Administrative Report.

## ARGUMENT

By their motion, Plaintiffs appear to seek to compel the production of copies of Certificates of Deposit for Account Nos. XXXXXX8917 and

XXXXXXX8689[1], or in the alternative, for the absence of these records to be reflected in the administrative record or otherwise considered by the Court. Each of these requests is addressed in turn.[2]

   First, contrary to Plaintiffs' assertion, the FDIC responded timely and fully to the document requests propounded by Plaintiffs. On September 8, 2009, the FDIC provided written responses as well as produced documents responsive to Plaintiffs' August 5, 2009 request for production. (Spjute Decl. Ex. 2 (FDIC Response to Request for Production and Produced Documents).) Among the records produced by the FDIC were signature cards for Account Nos. 8917 and 8689 executed by Plaintiffs, account transaction histories for both of these accounts, and Customer Information File ("CIF") screenshots showing the account ownership structure as well as the relevant contemporaneously entered telephone call-center session notes related to the accounts. (*Id.*) All of these documents confirm the ownership structure of Plaintiffs' accounts and the FDIC's insurance determination.

   After a diligent search, however, no paper copies of the requested Certificates of Deposit for Account Nos. 8917 and 8689 were located in the files of OneWest Bank, the successor to IndyMac Federal Bank, F.S.B. and IndyMac Bank, F.S.B. (Spjute Decl. ¶ 5.) Moreover, it was the standard business practice of IndyMac Bank to <u>not</u> keep paper copies of Certificates of Deposit for depositor accounts, as the information reflected in a Certificate of Deposit was incorporated into IndyMac Bank's computer files for each account.[3] (Spjute Decl. ¶ 6.) Both of these

---

[1] All but the last four digits of the account numbers have been omitted to protect the personal information of the accountholders.

[2] The FDIC notes that Plaintiffs' motion is technically deficient as it fails to conform with Local Rule 37-1 and 37-2.1. Nor have Plaintiffs otherwise contacted or communicated with counsel for the FDIC, other than through filing motions to compel (*See* Docket Nos. 46, 48, & 50), in spite of the FDIC's counsel's express invitation to Plaintiffs to discuss any issues or questions Plaintiffs may have. (Declaration of Alex Spjute in Support of FDIC's Opp. ("Spjute Decl.") ¶ 8 & Ex. 1 (Sept. 4, 2009 Letter).)

[3] For accounts opened over the telephone or through the internet, IndyMac Bank would have sent a paper copy of a Certificate of Deposit to the account holder, but

1 facts were communicated to Plaintiffs in a September 15, 2009 letter from the FDIC's
2 counsel. (Spjute Decl. Ex. 3 (Sept. 15, 2009 Letter).) Plaintiffs' response to this letter
3 was to file the instant motion to compel.
4     Plaintiffs' motion is clearly without merit, as the FDIC has already fully
5 responded to Plaintiffs' document request and cannot be compelled to produce
6 documents that do not exist.
7     <u>Second</u>, while the documents produced by the FDIC were not considered
8 by the FDIC when rendering its insurance determination and are therefore not part of
9 the administrative record, 12 C.F.R. § 330.5(a)(1), they may be considered by the
10 Court as "extra-record" evidence when reviewing the FDIC's insurance determination.
11 *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) ("In limited
12 circumstances, district courts are permitted to admit extra-record evidence . . . .
13 Though widely accepted, these exceptions are narrowly construed and applied."); *but
14 see Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("In applying that standard, the focal
15 point for judicial review should be the administrative record already in existence, not
16 some new record made initially in the reviewing court."); *Keller v. C.I.R.*, 568 F.3d
17 710, 718 (9th Cir. 2009) ("However, our review is confined to the record at the time
18 the Commissioner's decision was rendered."); *Nat'l Wildlife Fed. v. Babbitt*, 128 F.
19 Supp. 2d 1274, 1289 (E.D. Cal. 2000) ("A corollary to the limited nature of APA
20 review is that the court is limited to the administrative record relied upon by the
21 agency in reaching its decision, and is not to engage in fact-finding based on extra-
22 record material.").
23     The <u>absence</u> of any given bank record, however, is not "extra-record
24 evidence" and may not be considered by the Court when reviewing the FDIC's
25 insurance determination under the Administrative Procedure Act. *See* 12 U.S.C.
26 § 1821(f)(4). Indeed, the absence of a specific document is of no probative value and

---

27 would not have retained a paper copy of the Certificate of Deposit in its records.
28 (Spjute Decl. ¶ 7.)

is excluded from consideration by the governing law and regulations, which only allows the bank records in existence at the time of the bank's closure to be considered. *See* 12 C.F.R. § 330.5(a)(1); *see also Villafane-Neriz v. FDIC*, 75 F.3d 727, 731-32 (1st Cir. 1996) (holding that the FDIC "is entitled to rely exclusively on the account records of the failed institution"); *Nimon v. Resolution Trust Corp.*, 975 F.2d 240, 246 (5th Cir. 1992) (Where "the account records are clear and unambiguous, their statement of the capacity in which funds are owned is conclusive.").

Even if the bank records contain a mistake or are otherwise incomplete, the clear records that exist at the bank may be relied upon by the FDIC and are binding on depositors. *See Raine v. Reed*, 14 F.3d 280, 283-84 (5th Cir. 1994) (noting that "[e]ven where the bank itself has committed a mistake" the FDIC may rely on the clear records to determine if a deposit is insured); *In re Collins Securities Corp.*, 998 F.2d 551, 555 (8th Cir. 1993) (the FDIC can rely on bank records, even if they contain a mistake, because "[d]eposit insurance protects depositors from loss due to the bank's insolvency, not loss from the bank's pre-insolvency mistake"); 12 C.F.R. § 330.5(a)(1). Therefore, the absence of the Certificates of Deposit for Account Nos. 8917 and 8689 has no impact on the administrative record and should not be considered by the Court.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion should be denied.

Dated: October 19, 2009

HUGHES HUBBARD & REED LLP

By: *[signature]*
Scott H. Christensen
Attorneys for Defendant Federal
Deposit Insurance Corporation

# DECLARATION OF SERVICE BY MAIL

The undersigned declares:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071-3442. I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. On October 19, 2009, at my place of business, I placed a true and correct copy of the foregoing **DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION** for collection and mailing on that date with the U.S. Postal Service, following ordinary business practice, in sealed envelopes, with postage fully prepaid, addressed as follows:

Alma and Eugene Camerini
9447 Whitaker Avenue
Northridge, CA 91343

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California, on October 19, 2009.

*Catherine Ryan*
Catherine Ryan

1
PROOF OF SERVICE

60819791_1