UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-06047 MMM (AJWx) | Date | October 30, 2009 |

| | |
|---|---|
| Title | *Alma M. Camerini et al. v. Federal Deposit Insurance Corporation* |

| | | |
|---|---|---|
| Present: The Honorable | MARGARET M. MORROW | |
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order Referring Motion to Compel to Magistrate Judge Wistrich for Decision**

### I. BACKGROUND

On July 6, 2009, the court granted *pro se* plaintiffs' request for further discovery, limited to the types of records enumerated in 12 C.F.R. § 330.1(e)[1] upon which plaintiffs contended the defendant Federal Deposit Insurance Corporation ("FDIC") relied in reaching its final deposit insurance determination, and any other information which the FDIC, in its discretion, gathered and considered concerning plaintiffs' accounts prior to the date the insurance determination was made. On October 7, 2009, *pro se* plaintiffs Alma M. and Eugene J. Camerini filed a motion to compel the production of certain deposit account records, namely two certificates of deposit dated March 7, 2008 and April 18, 2008, respectively. On October 19, 2009, the FDIC filed opposition to plaintiffs' motion to compel contending that it had made a diligent search of IndyMac Bank's records, but that no certificates of deposit were located.

As the FDIC has now filed opposition to the Camerinis' motion, the court refers the motion

---

[1] This regulation defines "deposit account records" to include "account ledgers, signature cards, certificates of deposit, passbooks, corporate resolutions authorizing accounts in the possession of the insured depository institution and other books and records of the insured depository institution, including records maintained by computer, which relate to the insured depository institution's deposit taking function." 12 C.F.R. § 330.1(e). The term excludes "account statements, deposit slips, items deposited or cancelled checks." *Id.*

to Judge Wistrich for decision. Although the court appreciates that the form of the filings does not comply with Local Rule 37-2.1, which requires that the parties submit a written stipulation outlining their dispute, the court requests that Judge Wistrich nonetheless address the substance of the Camerinis' motion and the FDIC's opposition so that this action can move forward to an expeditious resolution.